IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BRIDGET AMANDA WINKS, )<br>individually and on behalf )<br>of persons similarly situated, )<br> ) | Civil Action No: 3:20-cv-420 |
| **Plaintiff,** ) | |
| v. ) | |
| VIRGINIA DEPARTMENT OF ) <br>TRANSPORTATION ) <br> ) | |
| **Defendant.** ) | |

**COMPLAINT UNDER THE EQUAL PAY ACT**

This is an action alleging violation of the Equal Pay Act of 1963 to restrain payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payment.  When the Commonwealth came to understand in 2019 that the long-standing policy of using pay history to determine a new hire's salary was a biased policy, nothing was done to address the inequity endured by veteran women at the Department of Transportation.  Wage inequality affects the pay of women employed as Environmental Architects and Civil Engineers.  Lead Plaintiffs and a class of similarly situated female employees ask the Court to enjoin unlawful compensation discrimination and order wages equal to those paid to their male counterparts for performing equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is authorized and instituted pursuant to Sections 16(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(b) to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United State District Court for the Eastern District of Virginia, Richmond Division.

## PARTIES

3. Plaintiffs Bridget Amanda Winks ("Winks") and those similarly situated ("the Class") are permitted to join in this action by Sections 16(c) of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended. Members of the Class have elected to opt-in to the Class and participate in this action in writing.

4. Winks received her education at Lynchburg College, getting her B.A. Degree in 2010. She achieved dual certification in Administration of Erosion Control and Stormwater Management. Winks worked for the Commonwealth's Department of Environmental Quality for more than 3 years. Her career at the Virginia Department of Transportation ("Defendant" or "VDOT") commenced January 25, 2018. Her role title is Architect/Engineer I and her Position Title is NPDES Coordinator. She works in VDOT's Lynchburg Regional Office in Lynchburg, Virginia.

5. NPDES stands for National Pollution Discharge Elimination System.

6. Nine individuals hold the position of NPDES Coordinator in the nine regions of VDOT: Bristol, Culpepper, Fredericksburg, Hampton Roads, Richmond, Northern Virginia, Salem, Staunton, and Lynchburg.

7. At all relevant times, Defendant VDOT has been a department of the Commonwealth of Virginia.

8. VDOT has primary responsibility for transportation services, including highways, bridges, and air traffic for the Commonwealth of Virginia.

9. At all relevant times, Defendant has continuously been a public agency within the meaning of Sections 3(x) of the FLSA, 29 U.S.C. § 203(d).

10. Defendant's regional offices are operated by a central administrative headquarters at 1401 East Broad Street, Richmond, and all matters of hiring and salary are determined at such headquarters for all offices of VDOT. VDOT operates as a single establishment statewide.

11. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to the Class employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, Defendant has continuously employed employees engaged in the regulation of commerce within the meaning of Sections 3(b), (i), and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i), and (j).

13. At all relevant times, Defendant has continuously been an enterprise engaged in commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), said enterprise has continuously been a public agency with regulatory powers affecting interstate commerce.

14. Winks filed a Charge of Discrimination (No. 438-2020-00925) with the EEOC in Richmond in April 2020. In her Charge, Winks complains of pay discrimination by VDOT against women, individually and on behalf of persons similarly situated, in violation of the Equal Pay Act and the pay provisions of Title VII of Civil Rights Act.

## STATEMENT OF CLAIMS

15. Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Winks and the other members of the Class lower wages than those paid to their male colleagues for performing equal work as Architect/Engineer I, all being classified full-time employees.

16. The Commonwealth's Department of Human Resource Management ("DHRM"), by Compensation Policy 3.05 provided that a job applicant's "Current Salary" (referring to her last employment salary, her salary history) is a Pay Factor entitled to consideration in fixing her new Commonwealth salary.

17. Consequently, VDOT had a Human Resource Division Instructional and Informational Memorandum, that provided that the hiring

manager "must take the applicable pay factors in consideration," for a new hire, and the list included "13. Current Salary—determine the individual's most recent base pay compensation."

18. VDOT was aware that such a consideration resulted in a disparate impact upon females.

19. When Winks was hired, March 25, 2018 to be NPEDS Coordinator for Lynchburg, she as other women were required to disclose prior employment and prior salaries on their VDOT job application forms.

20. Male applicants for the NPEDS Coordinator, one in Bristol, a second in Fredericksburg, and a third in Staunton, were hired on almost the same date as Winks.

21. Such male applicants, hired to perform the same job under the same terms and conditions for VDOT, were salaried at over $20,000 per year more. VDOT had utilized the prior salary data to fix a starting salary for Winks far less than for the corresponding males.

22. The Attorney General of Virginia, Mark R. Herring, addressed the issue of "previous salary" or "salary history" issue in a Brief submitted by Virginia as an Amicus, in *Greater Virginia Chamber of Commerce v. City of Philadelphia*, United States Court of Appeals for the 3rd Circuit, Nos. 18-2175, 18-2176, filed September 28, 2018. The Attorney General submitted to the Court that a "persistent gender wage gap is the continuing result of gender discrimination in the workplace---and employers' use of salary history in

setting wages perpetuates the gap further still." *Id.*, at Docket 3113047629, at page 10.

23. Further, the Attorney General maintained that salary history is not a gender-neutral measure of an individual's value to the employer; that an individual's past salary may reflect intentional discrimination, unconscious bias, or systematic undervaluing of work performed by women. *Id.*, at page 16. General Herring asserted that to justify a wage differential on the basis of salary history is entirely inconsistent with the Equal Pay Act's goal of eradicating pay discrimination reflecting gender-based disparities. *Id.*, at page 19.

24. On June 12, 2019, Governor Ralph S. Northam announced to his Cabinet Secretaries the implementation of his Employment Equity Initiative, "taking steps that are long overdue to ensure that our processes are free of unconscious bias."

25. On June 20, 2019, the Governor announced to State Employees that the State Compensation Policy would change, a reform that "will eliminate provisions that base starting pay and future salary adjustments solely on previous or existing salary."

26. Responding, DHRM changed Compensation Policy 3.05 effective July 1, 2019. VDOT may have discontinued its discriminatory practice by making changes stipulated in the DHRM Policy 3.05.

27. However, no action was taken, in the aftermath, to remedy the wage disparity suffered and endured by women hired and employed in the many years *prior to July 1, 2019.*

28. Compensation for employment at VDOT only rarely allows for pay increases larger than the General Assembly's budget provision, a few percentage points across-the-board for state employees; hence, starting salary has a career impact: a state employee starting low in salary when compared to her male peers never catches up.

29. To illustrate the extent of the problem, the report of VDOT salaries for Fiscal Year 2019, provided online by the Richmond Times-Dispatch, indicates that 11 of the top 12 salaried Architect/Engineers I, are male. This position is a well-mixed group of males and females, with males better paid. Listed by the Richmond Times-Dispatch were (using initials for the individuals):

>    J. P., $93,000, male
>    M. B., $93,000, male
>    H. J., $92,809, male
>    M. T., $92,700, male
>    N. M., $92,542, female
>    G. Z.  $92,453, male
>    J. C., $91,974, male
>    E. J., $91,773, male
>    R. W., $91,686, male
>    J. A., $91,192, male
>    D. W., $91,119, male
>    D. M. $91,119, male.

30. Use of prior salaries when hiring reinforces, redoubles, and replicates years of historic salary discrimination against female workers.

31. As a result of the acts complained of above, and for other reasons, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to all such female employees who received lower compensation than their male colleagues. The practice necessarily allowed VDOT to pay wages to females at their start and throughout their careers at less than the rates paid to male employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

32. The unlawful practices complained of in the paragraphs above were willful.

33. The past salary of a job applicant cannot be a "factor other than sex" when used alone *or in combination with job-related factors to fix her new salary*. This is because it is impossible to differentiate the impact of two causes of the pay problem, or to verify that a woman's prior salary itself was not reflective of systematic bias.

## PRAYER FOR RELIEF

Wherefore Plaintiffs and the Class respectfully request that this Court:

A. Certify under the Equal Pay Act and the FLSA a class consisting of women who were employed by VDOT three (3) years prior to the filing of this Complaint as NPDES Coordinator.

B. Direct VDOT to provide contact information to the Class, through counsel, for all potential members of the Class who might opt to participate,

including full name, street address or postal box, personal email address, and a non-work telephone number, and allow Plaintiffs, at the earliest time possible, to give notice of this collective action to all women who are presently, or have been in the past three years, been employed by Defendant as NPDES.

    C.    Restrain any discrimination or retaliation against persons who seek to participate as claimants or witnesses in this matter.

    D.    Grant a permanent injunction enjoining VDOT, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

    E.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

    F.    Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to employees whose wages are being or were unlawfully withheld as a result of the acts complained of above, including the Class of similarly situated female employees paid lower compensation than

their male counterparts for performing equal work. Compensation should include amounts to remedy the diminishment of the value of the retirement programs (through the Virginia Retirement System) caused by disparate salaries.

     G.     Award the Plaintiff's costs and expenses of this action, including any necessary expert witness fees, along with reasonable attorney's fees for their legal counsel as provided by statute.

     H.     Issue an Order appointing the undersigned counsel as Class Counsel pursuant to 29 U.S.C. 216 (b).

     I.     Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY DEMAND

Plaintiff requests jury trial on all issues of fact.

Respectfully Submitted,

      */s/ Sydney E. Rab*
Sydney E. Rab, Esquire (VSB #15105)
The Rab Law Firm
5407 Langdon Drive
Richmond, Va. 23225
Tele: 804-822-8981
Msydrab@comcast.net

      */s/ Tim Schulte*

Tim Schulte (VSB #41881)
Blackwell N. Shelley, Jr. (VSB #28142)
Shelley Cupp Schulte, P.C.
2020 Monument Avenue, First Floor
Richmond VA 23220
(804) 644-9700
(804) 278-9634 [fax]
schulte@scs-work.com
shelley@scs-work.com

   /s/ Timothy E. Cupp
Timothy E. Cupp (VSB #23017)
Shelley Cupp Schulte, P.C.
1951 Evelyn Byrd Avenue, Suite D
Harrisonburg, VA  22803
(540) 432-9988
(804) 278-9634 [fax]
Cupp@scs-work.com

*Counsel for Plaintiff and the Class*