IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

BRIDGET AMANDA WINKS, )
individually and on behalf of persons )
similarly situated, )
                                            )
          Plaintiff, )
                                            )
v. )   Civil Action No. 3:20-cv-420-HEH
                                            )
VIRGINIA DEPARTMENT OF )
TRANSPORTATION, )
                                            )
          Defendant. )

**MEMORANDUM OPINION**
**(Denying Motion to Certify Class)**

This matter is before the Court on Bridget Winks's ("Plaintiff") Motion for Conditional Class Certification ("Motion," ECF No. 14), filed on November 16, 2020. Plaintiff, an employee of the Virginia Department of Transportation ("VDOT"), filed a Second Amended Complaint on October 5, 2020 ("Complaint," ECF No. 11), alleging violations of the Fair Labor Standards Act ("FLSA") and the Equal Pay Act ("EPA"). Plaintiff seeks to certify a conditional class pursuant to the FLSA and EPA. The parties have filed memoranda in support of their respective positions and the Court heard oral argument on May 13, 2021. The Motion is now ripe for review. For the reasons set forth below, the Court will deny the Motion.

Plaintiff works as an Architect/Engineer I for VDOT and is based in Lynchburg, Virginia. (Compl. ¶ 4.) She alleges that, as a female, she is paid less than the other male employees with the same qualifications and experience for the same work. (Compl.

¶ 13.). For example, three male employees that started at the same time as Plaintiff had starting salaries $20,000 higher than her. (Compl. ¶¶ 18–19.) VDOT requests prior pay history and prior work history in its employment application, which she contends perpetuates the practice of paying female employees less than male employees. (Compl. ¶¶ 14, 31.) Additionally, she alleges that, of the twelve highest-paid professionals serving as an Architect/Engineer I at VDOT, only one is female. (Compl. ¶ 27.) Plaintiff, relying upon an amicus brief Virginia Attorney General Mark Herring filed in a separate case, argues that gender wage gap is a continuing problem and pay history questions on job applications perpetuate that gap.[1] (Compl. ¶ 20.) On June 20, 2019, Governor Ralph Northam announced that the Commonwealth would no longer determine salary solely based upon salary history. (Compl. ¶ 23.) Plaintiff contends that no changes were made at VDOT to accommodate the Governor's new policy, and that women that started with a lower starting salary than similarly situated men should be appropriately compensated. (Compl. ¶ 26.)

Plaintiff claims that there are approximately four hundred VDOT employees in the Architect/Engineer I position, of which roughly sixty are female.[2] (Mem. Supp. 7–8, ECF No. 15.) Plaintiff contends that the population of female people in the Architect/Engineer I role is sufficiently large and similarly situated to justify class

---

[1] Brief of Massachusetts *et al.* as Amicus Curie Supporting Appellees, *Greater Phila. Chamber of Com. v. City of Phila.*, 49 F.3d 116 (3d Cir. 2020) (Nos. 18-2175, 18-2176) (2018 WL 4712784).

[2] VDOT claims that there are ninety-one employees who identify as female in the Architect/Engineer I role. (Mem. Opp'n 5.) The actual number of female employees does not affect the Court's analysis and need not be resolved at this time.

2

certification. (*Id.*) However, VDOT contends that, within the Architect/Engineer I category, there are fifty-three different subcategories of positions, of which forty-five are salaried, and eight are hourly or wage positions. (Opp'n Mem. 5–6, ECF No. 18.) VDOT also explains that there are thirteen different factors used by hiring managers at various offices throughout Virginia to determine an employee's salary. (*Id.* at 7–8.) Additionally, VDOT uses a market-based salary determination to ensure that salary is competitive for each locality. (*Id.* 8–9.)

Section 216(b) of the FLSA provides the following guidance for class actions, which are distinct from the procedures set forth under Federal Rule of Civil Procedure 23:

> An action to recover . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). District courts within the Fourth Circuit have uniformly described § 216(b) actions involving the joinder of similarly situated employees as collective actions and certification of these actions proceeds in two phases: (1) conditional class certification, and (2) class decertification.[3] *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 547–48 (E.D. Va. 2009).

---

[3] The Fifth Circuit recently rejected this two-step process for FLSA class actions, requiring "a district court [to] identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021). The Fourth Circuit has not clarified the factual showing

At the conditional certification phase, courts apply a lenient standard in determining whether the proposed collective action is "similarly situated" within the meaning of the FLSA. *Id.* at 548. "The primary focus . . . is whether the potential plaintiffs are 'similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined.'" *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 563 (E.D. Va. 2002)). Generally, plaintiffs are required to make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law." *Choimbol*, 475 F. Supp. 2d at 563; *see also Yerby v. City of Richmond, Virginia,* No. 3:19-CV-393, 2020 WL 602268, at *3 (E.D. Va. Feb. 7, 2020).

Plaintiff has failed to demonstrate that the putative class is either similarly situated or subject to a common policy that violated the law. As VDOT explains, there is significant variety in the job responsibilities and required skills for the Architect/Engineer I position, which precludes the class from being similarly situated. With over fifty-three different sub-categories, the employees in the Architect/Engineer I position have significant differences in crucial details like day-to-day responsibilities and skill requirements. (Mem. Opp'n 5–7.) The diversity of roles and duties within the Architect/Engineer I positions would make proceeding as a class impracticable given a reasonable variance in salary for different job functions. *See Choimbol*, 475 F. Supp. 2d

---

required in the FLSA context to demonstrate whether a putative class is similarly situated. Regardless, Plaintiff has failed to demonstrate under the more lenient standard applied by courts in this District that the putative class is similarly situated.

4

at 563. There is simply an insufficient factual showing that class certification would be advantageous with the diversity and the distinct roles contained in the Architect/Engineer I title. Accordingly, Plaintiff cannot show at this stage that the putative class is sufficiently similarly situated to warrant class certification.

Additionally, Plaintiff cannot demonstrate that VDOT has a common practice or policy that violates the EPA. First, VDOT maintains that it considers thirteen factors when considering an appropriate salary for each individual plaintiff. (Mem. Opp'n. 8.) Moreover, VDOT uses a market-based pay system to ensure that salaries are competitive in each locality. Each local VDOT office determines a salary range that is competitive and individualized to the person and the position. (*Id.* at 8–9.) The decentralized and individualized nature of pay determinations alone is sufficient to demonstrate the absence of a common policy implemented throughout all of VDOT's offices. Although Plaintiff disputes these facts and maintains that there is a common policy in violation of the EPA and FLSA, the apparent individualized nature of VDOT's salary determinations does not support class certification at this stage.

Furthermore, Judge John A. Gibney, Jr., recently held that consideration of prior pay history is a permissible affirmative defense in a case brought under the EPA. *Abe v. Va. Dep't of Env't Quality,* No. 3:20-cv-270, 2021 WL 1250346, at *4 (E.D. Va. Apr. 5, 2021). Prior consideration of pay history may not be a *per se* violation of the EPA, but a defendant must prove that pay history, along with other factors and affirmative defenses, "*in fact* explains the salary disparity." *Id.* at *4, n.13 (quoting *EEOC v. Maryland Ins. Admin.,* 879 F.3d 114, 123 (4th Cir. 2018)). This standard requires a specific showing

5

that a plaintiff's reduced salary is due to her status a female, and cannot be attributed to variations in prior salary history, job responsibilities and qualifications, location, or other factors. *See Maryland Ins. Admin.*, 879 F.3d at 123. Based on the present record, this individualized analysis does not support class certification. Accordingly, at this time, the Court will deny the Motion to Certify Class.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 17, 2021
Richmond, Virginia

6